UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE R. BEDWELL,

    Plaintiff.

                          Case No.:

v.                          Honorable
                          United States District Judge

DICKINSON WRIGHT PLLC,

    Defendant.

---

LAW OFFICES JEFFREY S. BURG, PLC
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
29551 Greenfield, Suite 101
Southfield, MI   48076
(248) 227-5027
jburg@comcast.net

**COMPLAINT AND JURY DEMAND**

Plaintiff states for her complaint against Defendant:

**Jurisdiction and Parties**

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to the Americans with Disabilities Act ("ADA"), 42 USC §§ 12101 et seq ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), 29 USC 2601 et seq., and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1201 et seq.

2. This court has jurisdiction over Plaintiff's federal claims pursuant to 28 USC 1331, 1343(4); Plaintiff has also filed with the EEOC and received a right-to-sue letter and is filing this action within the 90-day period following the right to sue letter.

3. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the statutes of the State of Michigan, and which arise from a common nucleus of operative fact pursuant to 28 USC 1367.

4. Defendant is a professional limited liability corporation organized under the laws of the State of Michigan and maintains its principal place of business in the Eastern District of Michigan.

5. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 USC 1391(b), wherein Plaintiff resides,

Defendant regularly conducts business, and where the actionable wrongful conduct occurred.

### Factual Allegations

6. Plaintiff realleges paragraphs 1-5 above as though fully set forth herein.

7. Plaintiff is a person with a disability within the meaning of the ADA and the PWDCRA, in that she has a physical impairment which substantially limits one or more major life activities, has a record of such impairment, and/or was regarded as having such an impairment by Defendant.

8. Plaintiff's physical impairment is severe bilateral hip dysplasia and shoulder deformity and deficits requiring multiple surgeries and therapies in convalescence.

9. Plaintiff became employed with Defendant on or about September 14, 2020 as a paralegal.

10. During her employment with Defendant Plaintiff was never disciplined and indeed always excelled in the performance of her duties.

11. On March 23, 2021, Plaintiff took medical leave for shoulder surgery and physical therapy, returning to work on or around July 28, 2021.

12. On August 24, 2021, Plaintiff took medical leave under the FMLA for additional shoulder and bicep surgery and physical therapy, returning to work on February 1, 2022.

13. On June 3, 2022 Plaintiff had hip surgery and was prescribed an approximate six-week leave of absence for therapy and convalescence.

14. On July 21, 2022, Plaintiff's health care provider determined that Plaintiff needed more time to recover from her hip surgery, and Plaintiff provided Defendant with a note indicating so from the provider.

15. In providing Defendant with two separate notes from her health care provider, Plaintiff was requesting an accommodation for her disability and was initiating an interactive process with Defendant.

16. Within one hour of receipt of Plaintiff's doctor's notes, Defendant's human resources department sent Plaintiff an email informing Plaintiff that her employment was terminated effective immediately.

## COUNT I

### Violation of the ADA

17. Plaintiff realleges paragraphs 1-16 above as though fully set forth herein.

18. Plaintiff is a qualified individual with a disability as defined in 42 USC § 12111(8).

19. Specifically, Plaintiff's severe hip and shoulder conditions are a physical impairment that substantially limit one or more of Plaintiff's major life activities; there is a record of this impairment; and Plaintiff is regarded by Defendant as having the impairment.

20. Plaintiff is an individual who, with or without reasonable accommodation, can perform the essential functions of her job as a paralegal.

21. Title II of the ADA, 42 U.S.C. §12112, provides that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to … discharge of employees… and other terms, conditions, and privileges of employment."

22. By Defendant terminating Plaintiff's employment, Defendant denied and excluded Plaintiff from the benefits of her employment as a paralegal.

23. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

24. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's conduct has caused and continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental, emotional and physical pain and anguish, including but not limited to humiliation and embarrassment, loss of enjoyment of life, loss of professional reputation, and other nonpecuniary losses.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

### Count II: Violation of PWDCRA

25. Plaintiff incorporates paragraphs 1-24 as though fully stated herein.

26. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of MCL 37.1103 et seq. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

27. Plaintiff is an individual who, with or without reasonable accommodation, can perform the essential functions of her job as a paralegal.

28. In rejection of Plaintiff's written request for accommodation, even though Defendant had available methods of accommodation which were not burdensome to Defendant in any manner, Defendant refused to accommodate Plaintiff's written request for accommodation.

29. Defendant's failure to make reasonable accommodations for Plaintiff, and Defendant's termination of Plaintiff's employment, constitute

discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment in violation of the PWDCRA.

30. Defendant conducted itself with malice and/or with reckless indifference to Plaintiff's protected rights.

31. As a direct and proximate result of Defendant's discrimination on the basis of Plaintiff's disability or perceived disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental, emotional and physical pain and anguish, including but not limited to humiliation and embarrassment, loss of enjoyment of life, loss of professional reputation, and other nonpecuniary losses.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

### Count III- PWDCRA- Retaliation

32. Plaintiff incorporates by reference paragraphs 1-31 as though fully stated herein.

33. To the extent the adverse employment actions identified in the allegations above were motivated by Plaintiff's pursuit of her rights under the PWDCRA, Defendant has engaged in unlawful employment discrimination in violation of the PWDCRA.

34. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, fringe benefits and employment opportunities, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

c. an award to Plaintiff of attorney fees, costs of litigation, and interest;

d. an order of this court granting Plaintiff further relief that it deems just and equitable.

### Count IV- Violation of FMLA- Retaliation

35. Plaintiff incorporates by reference paragraphs 1-34 as though fully stated herein.

36. To the extent the adverse employment actions identified in the allegations above were motivated by Plaintiff's pursuit of her rights under the FMLA, Defendant has engaged in unlawful employment discrimination in violation of the FMLA.

37. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

PLAINTIFF REQUESTS relief from this court against Defendant as follows:

a. an order of this court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter;

b. an order of this court awarding Plaintiff liquidated damages in an amount equal to Plaintiff's compensatory damages;

   c.  an award to Plaintiff of attorney fees, costs of litigation, and interest;

   d.  an order of this court granting Plaintiff further relief that it deems just and equitable.

                                          Respectfully submitted,

                                          Law Offices Jeffrey S. Burg, PLC
                                          /s/ Jeffrey S. Burg

                                          _____
                                          Jeffrey S. Burg
                                          Attorney for Plaintiff
                                          Dated: July 29, 2024

## JURY DEMAND

Plaintiff demands a trial by jury where appropriate.

                                          Respectfully submitted,

                                          Law Offices Jeffrey S. Burg, PLC

                                          /s/ Jeffrey S. Burg

                                          _____
                                          Jeffrey S. Burg
                                          Attorney for Plaintiff
                                          Dated: July 29, 2024